HENDERSON HUDSON v. MARTIN NALTY.

CERTIORARI. *Judgment in circuit court.*

The surety on a bond for *certiorari* upon the judgment of a justice of the peace is not discharged by a reversal and the granting of a new trial in the Circuit Court; and if, upon the new trial, judgment is rendered in that court against the principal, it should also be against the surety on such bond.

ERROR to the Circuit Court of Lincoln County.

Hon. J. M. SMILEY, Judge.

Hudson, the plaintiff in error, recovered a judgment before a justice of the peace against O'Hara, and the latter carried the case to the Circuit Court, by *certiorari* proceedings. The Circuit Court reversed the judgment and granted a trial *de novo*, which resulted in a verdict for the plaintiff, and the court rendered judgment against the defendant, O'Hara, and M. Nalty, the surety on his bond for *certiorari*. At the same term of the court the judgment was set aside as to Nalty, upon the motion of the defendant. Hudson then sued out this writ of error.

*Sessions & Cassedy*, for the plaintiff in error.

The judgment against Nalty should not have been set aside. The Code (sec. 1336) provides that, in all cases brought to the Circuit Court from justices of the peace, by *certiorari*, the petitioner shall "give bond, with security, as in cases of appeal." "In case of affirmance, the same judgment shall be given as on appeals." "In case of reversal, such judgment as the justice should have rendered shall be entered." Sec-

tion 1332 of the Code requires the condition of the bond, in cases of appeal, to be " for the payment of such judgment as the Circuit Court may render against" the appellant. The condition of the bond clearly contemplates any judgment the Circuit Court may render against the party appealing, whether the same be by affirmance or the result of a trial *de novo.*

*R. H. Thompson,* for the defendant in error.

The judgment in the Circuit Court should not have been rendered against the surety on the *certiorari* bond. Rev. Code 1871, sec. 1336. The statute directs that the judgment, in such cases, shall be " such judgment as the justice ought to have rendered." Certainly, the judgment which the justice of the peace ought to have rendered would not be one against the surety on the *certiorari* bond.

CAMPBELL, J., delivered the opinion of the Court.

The reversal of the judgment of the justice of the peace did not discharge the obligation of the bond for *certiorari*, which is conditioned to pay such judgment as the Circuit Court should render against the principal ; and it did render judgment against the principal and surety on the bond, according to law. Code, secs. 1332; 1334, 1336.

The judgment setting aside the judgment against the principal and surety on the *certiorari* bond is reversed, and the judgment against both is reinstated and established as it was before it was set aside.