Uriah G. McInnis *v.* William W. Greaves.

1. JUDGMENTS. *Suits on. Conformity of new with old.*

It is beyond the power of a court, in a suit on a domestic judgment, to change its nature; the new judgment must be the same in kind as the old one.

2. SAME. *Certiorari to correct error. Bond. Sureties. Costs.*

Upon certiorari from a justice's court to the circuit court to correct an error on the face of a judgment, the remedy invoked is a proceeding merely to secure its correction, and, when secured, there is no liability on the sureties on the certiorari bond, nor is the judgment debtor liable for the costs accruing.

From the circuit court of Simpson county.

Hon. John R. Enochs, Judge.

Greaves, appellee, was plaintiff in the court below; McInnis, appellant, was defendant there. The facts are these: On January 20, 1891, Greaves sued McInnis in the justice's court, on his promissory note for $126.06, and on July 25, 1891, was given judgment for that sum. This judgment remained unsatisfied, and Greaves, on the 14th of May, 1898, instituted a new suit against McInnis based on the old judgment, filing with his demand an affidavit setting out that the debt was due him by McInnis for labor done. Thereafter, the justice's court rendered judgment in favor of plaintiff for $180.08, and recited in the judgment that, as the debt on which it was based was for labor done, special execution might issue under § 1980, code 1892. This feature of the new judgment was not embodied in the old one. Greaves, the defendant—appellant here—brought the case to the circuit court by certiorari, and, at the September, 1901, term thereof, the circuit court gave a simple personal judgment against defendant and the sureties on the certiorari bond for the full sum demanded. Whereupon the defendant appealed to the supreme court.

*E. J. McGarr* and *Williams & May,* for appellant.

The judgment of the justice of the peace reviving the judgment against appellant is entirely different from the one it attempts to revive, in that it is a judgment for labor performed, authorizing the issuance of an execution which might be levied upon any property of appellant, denying to appellant his right to his legal exemptions. An execution issued upon the original judgment could not have interfered with appellant's legal exemptions. Our contention is that the court had no right to change the judgment in this way. Our statute does authorize the revival of a judgment, but it does not give authority to a court to change in any way the original, except to extend it. The purpose of the law is to revive a judgment; and a judgment of revivor is to keep alive the original judgment and continue its lien. *Hughes* v. *Wilkinson,* 8 Ga., 482; Black on Judgments, vol. 1, sec. 482; § 2750, code 1892. The old judgment is the basis of the new. If the new judgment is based upon the old judgment, it would necessarily follow that it could not be made stronger and wider in its terms.

There is a distinction between this case and *Eskridge* v. *Rutland,* 77 Miss., 784, cited by counsel for appellee. There the court attempted to write in the judgment what property it thought was liable for satisfaction of the judgment. Of course, this was a nullity. This court, in this case, did not mean to say that that part of the judgment which recited the fact that the judgment was for labor done and performed was a nullity.

If the court should render such judgment against appellant as we contend should have been rendered by the justice of the peace, it would be wrong to include in said judgment the certiorari bond, because appellant would never have given the bond, had such judgment been rendered against him. The appellant should be placed where he was before the error was committed at the instance of the appellee.

Appellant did not make the bond at his pleasure. He was forced to make this bond in order to protect his rights and save

his exempt property from execution. If this be true, it would be unfair and unjust to render judgment against the sureties on his bond, and give to appellee a right to subject the property of the bondsmen to the payment of his debt, for which they were not, and could not have been, in any way, liable, had the justice of the peace entered the proper judgment.

*McIntosh Bros.* and *J. H. Thompson,* for appellee.

The recital in the judgment of the justice's court that the judgment was for labor, etc., was surplusage only, and does not affect its validity. That it was a nullity is established by the case of *Eskridge* v. *Rutland,* 77 Miss., 784. If the recital in the new judgment was a nullity, what was said therein about its being for labor, etc., was mere surplusage, and of no more effect than had it been recited in the new judgment, that "Mary had a little lamb!" There are no degrees of mere surplusage.

Now, when the defendant in the judgment obtained a certiorari, and executed his bond therefor, he did not take to the circuit court the mere surplusage, but he superseded the execution of the valid part of the judgment. When the case reached the circuit court, that court dealt with the substantial thing—the judgment itself—and not with the mere nullity. The judgment itself had been successfully superseded (for a mere nullity), and the circuit court properly treated the recital as so much trash, and properly rendered judgment on the certiorari bond for the amount of the judgment of the justice of the peace, there being no error in the justice's judgment, for an idle recital in a judgment does not make it erroneous.

WHITFIELD, C. J., delivered the opinion of the court.

The effort to change a judgment on a mere promissory note, by revivor, into one for labor performed, so as to reach exempt property, was a nullity. The justice of the peace should have rendered the same judgment, in kind, that was rendered before.

It was beyond the power of the justice of the peace, in a mere suit on the old judgment, to save the bar of the statute, to change the old judgment by making the new different in its nature. The circiut court should have rendered a judgment against the maker of the note, and him alone, for the debt, interest, and costs in the magistrate's court, and no more. The sureties on the certiorari bond are not liable for costs or debt. McInnis did not appeal. There was no trial *de novo* on the merits. Appellant only sought to have the error on the face of the record—the entry in the judgment as to its being for labor performed—corrected, so as to make the second judgment conform, in its nature, to the first. This he succeeds in doing, and, of course, he is not liable for the costs accruing in a contest which he wins; nor can any other than a mere personal judgment be rendered against him. It is obvious that his sureties on the certiorari bond are not liable for any costs, and it is equally plain that no judgment can be rendered against them for the debt, in a case like this, where the remedy invoked is not an appeal to try the merits anew, as in *Hudson* v. *Nalty,* 55 Miss., 582, but merely certiorari to correct an error apparent on the face of the record, that correction being secured. It would be a strange result, indeed, that the very thing that the certiorari bond was given to secure should be obtained, and yet that the sureties on that certiorari bond should be required to pay, just as if the appellant had lost. Counsel for appellee confuses appeal and certiorari, and the procedure in the two remedies.

Section 89 of the code of 1892 provides that "in case of reversal the circuit court shall enter up such judgment as the justice of the peace ought to have entered, if the same be apparent . . . and may, in proper cases, enter judgment on the certiorari or appeal bond." The judgment of the magistrate should have been reversed by the circuit court, and "it was apparent" from the face of the record what judgment the magistrate should have entered, and it was not "a proper case"

for judgment against the sureties on the certiorari bond. See *Evans* v. *Railway Co.*, 74 Miss., at page 234 (21 So., 15).

*Reversed and remanded for judgment in accordance with this opinion.*